# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL JETTON McFARLAND,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) No. 3:11-cv-579 |
| | ) |
| **STATE OF TENNESSEE,** | ) Judge Todd Campbell |
| **NASHVILLE POLICE DEPARTMENT,** | ) |
| **OFFICER PRESTON BRANDIMORE,** | ) |
| **OFFICER JEAN McCORMACK,** | ) |
| **OFFICER YANWICK DESLAURIER,** | ) |
| **OFFICER MATTHEW VALIQUETTE,** | ) |
| **OFFICER DALE BECRAFT,** | ) |
| **DETECTIVE THARPE, AND** | ) |
| **OFFICER ATIF WILLIAMS,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

Plaintiff Michael Jetton McFarland, an inmate at the Charles B. Bass Correctional Complex, Annex, in Nashville, brings this *pro se* action under 42 U.S.C. § 1983, asserting claims of excessive force and other civil rights violations. (ECF No. 1.) Plaintiff has also submitted an application to proceed *in forma pauperis*. (ECF No. 2.) As set forth below, the Court will grant the application to proceed as a pauper but dismiss the complaint on the merits.

    **I.**    **Plaintiff's Application to Proceed *in Forma Pauperis***

It appears from Plaintiff's application that he cannot afford to pay the filing fee. Plaintiff's application is therefore **GRANTED**, and the Clerk of Court is directed to file the complaint *in forma pauperis*, 28 U.S.C. §§ 1915(a), (b)(4).

Plaintiff is nonetheless assessed the full $350.00 civil filing fee. 28 U.S.C. § 1915(b)(1). The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is

directed to submit to the Clerk of Court, as an initial payment, the greater of:

> (a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**
>
> (b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint.

*Id.* Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when Plaintiff's monthly income exceeds ten dollars ($10.00). 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. *Id.*

## II. The Merits of Plaintiff's Complaint

Under the Prison Litigation Reform Act ("PLRA"), the courts are required to screen all civil cases brought by prisoners. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must *sua sponte* dismiss a complaint brought *in forma pauperis* before service on the defendants if the court is satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief.

A screening of the complaint in this case reveals that Plaintiff brings claims under 42 U.S.C. § 1983 against the State of Tennessee, the Metropolitan Nashville Police Department, and a number of Metropolitan Nashville police officers. His claims are all based on the police officers' alleged use of excessive force and their alleged violation of Plaintiff's other civil rights in the course of

arresting him on November 10, 2008, more than two and a half years prior to the date Plaintiff filed his present complaint.

The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Plaintiff's claim arises in Tennessee, and the limitations period for § 1983 actions arising in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000). A statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his claims. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997). Plaintiff, according to the allegations in his complaint, had reason to know of the injury upon which his claims are based on November 10, 2008. Consequently, it appears on the face of Plaintiff's complaint that his claims are all barred by the statute of limitations. The fact the Plaintiff has been incarcerated in the intervening period did not toll the running of the statute of limitations. *Griffin v. Eidson*, 22 F. App'x 393, 395 (6th Cir. 2001).

Plaintiff's complaint is therefore summarily **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

An appeal of the judgment rendered herein would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445–46 (1962). Therefore, Plaintiff is NOT certified to pursue an appeal of this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Should Plaintiff nonetheless decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of $455.00 or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six-month period. 28 U.S.C. § 1915(a)(1).

The Clerk is directed to send a copy of this order to the Warden of the Charles B. Bass Correctional Complex to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

Todd Campbell
United States District Judge